UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA
Case no: 17-civ.-21979 MGC

OCNIEL OBED GARLOBO NAJARRO,
and all others similarly situated
under 29 USC 216(b),
Vs.
ADRIEN SERVICE STATION, INC.,
ADRIEN BESSON,
    Defendants.
_____/

<u>**ADRIEN SERVICE STATION, INC. AND ADRIEN BESSON'S ANSWER AND AFFIRMATIVE DEFENSES and COUNTERCLAIMS as to Santiago Alberto Santana**</u>

COME NOW, Defendants, Adrien Service Station, Inc. and Adrien Besson, and hereby answers the amended complaint and asserts the following affirmative defenses:

<u>**Answer:**</u>

1. Admitted.
2. Without sufficient information to affirm or deny Plaintiff's residence.
3. Denied except to extent Defendant, Adrien Service Station, Inc. regularly transacts business within Dade County.
4. Denied.
5. Admitted.
6. Denied.
7. Denied.
8. To extent that it is a correct statement of the law, admitted.
9. Admitted to extent that Plaintiff recently left worked in emergency rescue and has not returned.
10. Denied. His employment was haphazard, where he would dictate his periods of work, bring his own tools and exercise his own skill and judgment.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

### Affirmative Defenses:

1. Plaintiff was not engaged in commerce or the production of goods for commerce as per 29 USCA section 206(a) and 207 (a). Being a mechanic in a local mechanic shop who did not use internet, fax or phone lines as part of his duties where Defendants sourced all parts from in state distributors is not as a matter of law considered to be behavior which can constitute an individual "engaged in commerce." <u>Navarro v. Broney Auto. Repairs, Inc.</u>, 533 F.Supp.2d 1223 (S.D. Fla.), aff'd, 314 F.App'x 179 (11th Cir. 2008). Further, Defendants were not an "enterprise" engaged in commerce or in the production of goods for commerce. Defendants did not, at the relevant period of time, gross over $500,000.00 a year. <u>29 U.S.C. Section 203(s).</u>

2. There was no willful violation of any provision of the Fair Labor Standards Act.

3. Plaintiff did not work the hours he has represented in this lawsuit, nor anywhere near the hours represented.

4. During the hours Plaintiff was supposed to be working for Defendants he was working from his home directly for clients of Defendants which he wrongfully

procured in violation of agreement with defendants (See CounterClaim). Plaintiff has unclean hands.

5. Defendants are entitled to a set off for all hours Plaintiff was compensated for by "extra compensation" or otherwise, which is permitted to be used to offset monetary sums due by Defendant under the FLSA.

6. Mr. Santana was not protected by FLSA. He was an independent contractor.

7. Two year statute of limitations. There is a two year statute of limitations for FLSA claims to "enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages", except that "a cause of action arising out of willful violation may be commenced within three years after the cause of action accrued." 29 USCA section 255 (a). Hence, no recovery can be had for any alleged compensation which is due for a period of time greater than two years from the date of filing this lawsuit.

8. Plaintiff has failed to satisfy all conditions precedent necessary to bring this action.

9. All actions taken by Defendants with regard to Plaintiff were taken in good faith and for good cause, and without discriminatory motive or intent, or malice or reckless disregard of Plaintiff's rights.

Wherefore, Defendants, Adrien Service Station, Inc. and Adrien Besson, respectfully request judgment in their favor and an award of costs and attorney's fees.

## COUNTERCLAIM

### Jurisdiction:

1. This claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and requires no additional parties where the court has no jurisdiction over them. See, Fed.R.Civ.P. 13(a).

### Statement of Facts:

2. On or about June 6, 2017 Counter Defendant, Mr. Santana, entered into an agreement with Counter Plaintiff, Adrien Service, whereby he agreed that he would not: talk with clients about repairs, prices, estimated time and future repairs; offer his services to clients; and ask a client for personal information. (See Exhibit 1 hereto).

3. The consideration given in exchange for these promises was Counter Defendant, Mr. Santana's, salary and employment with Counter Plaintiff, Adrien Service.

4. From the period of time June 6, 2017 and times prior to that with the help of Counter Defendant, Mr. Najarro, Counter Defendant, Mr. Santana, began to systematically lure customers away from Counter Plaintiff, Adrien Service, to such an extent that Adrien Service has lost nearly all of its business. Mr. Santana accomplished this dishonest feat while still working with Adrien Service, unbeknownst to Adrien Service, and by way of obtaining and using the customer information he agreed not to acquire. (It was not until recent investigation did Adrien Service discover this).

### COUNT I: Breach of Contract:

COMES NOW, Counter Plaintiff, Adrien Service, and hereby brings suit for breach of contract against Counter Defendant, Mr. Santana, incorporates by reference paragraphs 1-4 and alleges as follows:

5

5. On or about June 6, 2017 Counter Plaintiff, Adrien Service and Counter Defendant, Mr. Santana, entered into an agreement whereby Mr. Santana agreed he would not: talk with clients about repairs, prices, estimated time and future repairs; offer his services to clients; and ask a client for personal information. (See Exhibit 1 hereto).

6. Counter Defendant, Mr. Santana, has breached the contract by the following actions:

    A. Acquiring and using confidential information to procure Adrien Service's clients for his own;

    B. Offering his services to Adrien Service's clients;

    C. Asking personal information of the clients of Adrien Service;

    D. Enticing, soliciting or encouraging Adrien Service's clients to his own; and

    E. Talking to Adrien Service clients about future repairs.

7. Counter Plaintiff, Adrien Service, has significant and legitimate business interests in connection with the non-solicitation/compete agreement in that it has: valuable confidential business information to protect in the form of the customer information and identity; relationships with specific prospective or existing customers; and clients being interfered with that it needs to protect. Section, 542.335, Fla. Stat.

8. These actions by Counter Defendant, Mr. Santana, which constitute breach of the contract, are each material to the contract entered into by the parties.

9. As a direct and proximate result of this breach of contract by Counter Defendant, Mr. Santana, Counter Plaintiff, Adrien Service, has been injured and has a right to an immediate cause of action.

10. All conditions precedent necessary for enforcement of this contract have been performed by Counter Plaintiff, Adrien Service, and/or waived by Counter Defendant, Mr. Santana.

Wherefore, Counter Plaintiff, Adrien Service Station, Inc., respectfully requests this Court to issue judgment in favor of it and against Counter Defendant, Mr. Santana, award compensatory damages against Mr. Santana, payment of costs, pre- and post-judgment interest, and such other relief as this Court deems just.

### *Jury Trial:*

Counter Plaintiff, Adrien Service, further requests a trial by jury on all issues so trialable as of right.

### COUNT II: Injunctive Relief:

COMES NOW, Counter Plaintiff, Adrien Service, and hereby brings suit for injunctive relief against Counter Defendant, Mr. Santana, incorporates by reference paragraphs 1-4 and alleges as follows:

11. Counter Plaintiff, Adrien Service, has a clear legal right to prevent Counter Defendant, Mr. Santana, from: (i) taking and using the personal information of clients while in the employ of Adrien Service; (ii) servicing the customers of Adrien Service; and (iii) soliciting customers or prospective customers of Adrien Service to use his services. (Exhibit 1).

    A. Counter Defendant, Mr. Santana, is engaging in behaviors he agreed not to:

        i. Gaining personal information from clients and using it;

        ii. Servicing customers of Adrien Service; and

        iii. Enticing, inducing, soliciting and/or encouraging Adrien Service's clients to use his services.

    B. There is no cognizable defense to Counter Defendant, Mr. Santana, engaging in these actions.

12. The legitimate interests of Counter Plaintiff, Adrien Service, cannot be protected without issuing an injunction preventing Counter Defendant, Mr. Santana, from: (i) procuring and using confidential information as to the identity of clients of Adrien Service he gained while in the employ of Adrien Service; (ii) servicing customers of Adrien Service and; (iii) soliciting, enticing and/or inducing and/or encouraging a customer or prospective customer of Adrien Service from transferring from Adrien Service to Mr. Santana's services.

13. Counter Plaintiff, Adrien Service, has significant and legitimate business interests in connection with the non-solicitation/compete agreement in that it has: valuable confidential business information to protect in the form of the customer information and identity; relationships with specific prospective or existing customers; and clients being interfered with that it needs to protect. Section, 542.335, Fla. Stat.

14. Should an injunction not issue there will be irreparable injury and there will be no adequate remedy at law to provide relief.  There is a "presumption of irreparable injury in connection with the use of trade secrets, customer lists, or direct solicitation of existing customers... " <u>Section, 542.335 (j), Florida Statute</u>.

15. The threatened injury to the Counter Plaintiff, Adrien Service, outweighs any possible harm to the Counter Defendant, Mr. Santana.  Mr. Santana was paid a salary for his agreement to abide by the terms of Exhibit 1.  Whereas, Adrien Service can potentially loose valuable customers by

Case 1:17-cv-21979-MGC   Document 15   Entered on FLSD Docket 06/28/2017   Page 8 of 12
8

Mr. Santana revealing confidential information and soliciting and servicing current clients in violation of the agreement.

16. The granting of a temporary injunction will not disserve the public interest. There is no public interest which will be harmed by forcing Counter Defendant, Mr. Santana, to abide by his promises.

Wherefore, Counter Plaintiff, Adrien Service, requests that this Court grant the following relief enjoining Counter Defendant, Mr. Santana, from: (i) using and/or disclosing confidential client information; (ii) inducing and/or encouraging customers and prospective customers of Adrien Service from leaving the business relationship which Adrien Service has with such customer; (iii) servicing customers of Adrien Service which Mr. Santana gained by way of his breach of the parties' agreement; and (v) for such further other relief as this Court deems just and proper.

Respectfully Submitted,

Law Office of Joseph S. Shook, Esq.

BY:_____s/s_____

Joseph S. Shook, Esq., FBN: 0780715, Attorney for Defendants
75 Valencia Ave., #4th Floor
Coral Gables FL, 33134
(305) 446-4177
Fax (305) 446-4565

shooklaw@bellsouth.net

### Certificate of Service

I hereby certify that on _____ day of June, 2017 I electronically filed the forgoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record, or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

By:_____

Joseph S. Shook, Esq.

Service List:

J.H. Zidell, P.A.

Mr. Rivkah F. Jaff, Esq. FBN: 107511

Rivkah.Jaff@gmail.com

And Mr. Neil Tobak, Esq.

Ntobak.zidellpa@gmail.com

Attorneys for Plaintiff

300-71st Street, Suite 605

Miami Beach FL, 33141

(305) 86506766

(305) 865-7167

1

# UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA
Case no: 17-civ.-21979 MGC

OCNIEL OBED GARLOBO NAJARRO,
and all others similarly situated
under 29 USC 216(b),
Vs.
ADRIEN SERVICE STATION, INC.,
ADRIEN BESSON,
    Defendants.
_____/

**ADRIEN SERVICE STATION, INC. AND ADRIEN BESSON'S ANSWER AND AFFIRMATIVE DEFENSES and COUNTERCLAIMS as to Santiago Alberto Santana**

## EXHIBIT 1

To all the mechanics

The following is **prohibited**:

1. Speaking with clients about repairs, prices, estimated time frame, and future repairs. **This is handled only by the office.**
2. Offering your own service, or any buying or selling.
3. Requesting personal information from clients. **This is handled only by the office.**
4. Asking for any type of tip for extra work, or not to record it in the car paperwork.

The following is **very important and mandatory:**

1. **Always use** security equipment, work goggles, masks, and other available equipment.
2. For each car, **without exception,** fill in the recommendations in the initial inspection form.
3. **Always** keep the shop **safe and clean**.

Signature:   [illegible]                                       Date: 6/6/17

I, Ricardo Bardo-Portilla, Translator and Interpreter certified by the state of Florida (Certification No. 13-00245 SPA) and by the Administrative Office of the United State Courts, hereby certify that the above document is a true and accurate translation into English.

_____
Ricardo Bardo-Portilla

(No. 13-00245 SPA)

EMILY ALBERTO
MY COMMISSION # FF 181824
EXPIRES: April 8, 2019
Bonded Thru Budget Notary Services

A TODOS LOS MECANICOS

ES **PROHIBIDO** LOS SIGUIENTES:

1) HABLAR CON LOS CLIENTES DE REPARACION, DE PRECIOS, TIEMPO DE ESTIMADO Y FUTURA REPARACION, ES TRABAJO **SOLO DE LA OFFICINA**.
2) OFRECER SU PROPRIO SERVICIO O CUALQUIER NEGOCIO DE COMPRA O DE VENTA.
3) PEDIR LA INFORMACION PERSONAL A LOS CLIENTES DEL TAILLER, ES TRABAJO **SOLO DE LA OFFICINA.**
4) PREGUNTAR POR NINGUN TYPO DE PROPINA POR TRABAJO EXTRA O QUE NO SEA ANOTADO EN EL PAPEL DEL CARRO.

ES **MUY IMPORTANTE Y OBLIGADO** LOS SIGUIENTES:

1) **SIEMPRE USAR** LOS EQUIPOS DE SEGURIDAD: LENTES DE TRABAJO, MASCARA Y OTROS DISPONIBLES.
2) LLENAR **SIN EXCEPCION** POR CADA CARRO LA FORMA DE INSPECCION INICIAL CON LAS RECOMANDACIONES.
3) MENTENER EL TAILLER **SIEMPRE SEGURO Y LIMPIO.**

FIRMA: [signature]   FECHA: 6/6/17