1

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA
Case no: 17-civ.-21979 MGC

OCNIEL OBED GARLOBO NAJARRO,
SANTIAGO ALBERTO SANTANA,
and all others similarly situated
under 29 USC 216(b),
Vs.
ADRIEN SERVICE STATION, INC.,
ADRIEN BESSON,
    Defendants.
_____/

### *Defendants' Motion for Summary Judgment/Motion to Dismiss, With Incorporated Memorandum of Law as to Santiago Alberto Santana*

COME NOW, Defendants, Adrien Service Station, Inc. and Adrien Besson, by and through the undersigned and move this honorable court pursuant to Fed.R.Civ.P. 12(b) and Fed.R.Civ.P 56 for a motion to dismiss or alternatively for Summary Judgment (respectively), as to Santiago Alberto Santana, stating:

### *Facts, Law and Analysis:*

There is not one issue before this Court where Plaintiff even has a scintilla of evidence to establish "individual" or "enterprise" coverage relating to Plaintiff being employed at Defendants' local mechanic shop so as to give him the right to overtime wages pursuant to 29 U.S.C. Section 207(a)(1).[1] On a motion for summary judgment the moving party has the burden of showing the absence of a genuine issue as to any material fact. Hilburn v. Murata Elecs. North Am. Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). The court views the evidence, and all factual inferences arising from it, in the light most favorable to the nonmoving party. Allen v. Tyson Foods, Inc., 121 F.3d

---

[1] When "a factual attack on subject matter jurisdiction also implicates an element of the cause of action, a district court should 'find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's case' under the Rule 56 summary judgment standard". Navarro v. Broney Automotive Repairs, Inc., 533 F.Supp. 2d 1223, 1224 n. 2 (S.D. Fla. 2008)(quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

642, 646 (11th Cir. 1997). "[T]he nonmovant must put forth more than a mere scintilla of evidence suggesting that reasonable minds could reach differing verdicts." Abel v. Dubberly, 210 F.3d 1334, 1337 (11th Cir. 2000). See also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

"To establish a claim for unpaid overtime compensation under the FLSA....(the Plaintiff).. must show that either he was engaged in commerce or in the production of goods for commerce-*individual coverage*-or that …..(Defendant)… is an enterprise engaged in commerce or in the production of commerce-*enterprise coverage*. See, 29 U.S.C. Section 207(a)(1)."

Navarro v. Broney Automotive Repairs, Inc., 533 F.Supp.2d 1223, 1226 (U.S.Dist. Court, S.D.Fla. 2008) citing to Thorne v. All Restoration Serv., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006) and Alonso v. Garcia, 147 Fed.Appx. 815, 816 (11th Cir. 2005).

### A. Individual Coverage: Mr. Santana was not Engaged in Commerce or Production of Goods for Commerce:

The undisputed facts fail to establish that Plaintiff, being a mechanic for a local shop who: did not use the lines of communication (facsimile, cell phone or computer) to conduct business; did not engage with customers and; and who used auto parts sourced only from local distriubtors, was engaged in commerce or the production of good for commerce. "The Supreme Court has articulated that it is the intent of congress to regulate only activities constituting interstate commerce, not activities merely affecting commerce." Thorne v. All Restoration Services, 448 F.3d 1264, 1265-66 (11th Cir. 2006), citing to McLeod v. Threlkeld, 319 U.S. 491, 97, 63 S.Ct. 1248, (1943). For "an employee to be 'engaged in commerce' under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails or travel." *Id. at 1266*. In the Eleventh Circuit, to be covered under FLSA a Plaintiff must be "directly participating in the actual

movement of persons or things in interstate commerce." *Thorne, 448 F.3d at 1266.* (employee who performed mold and water damage restoration for residential and commercial properties not engaged in commerce or production of goods for commerce. *Id. at. 1265*). That participation must be "a substantial part of {Plaintiff's} work" in order for a FLSA plaintiff to successfully invoke individual coverage. Walling v. Jacksonville Paper Co., 317 U.S. 564, 572, 63 S.Ct. 332 (1943).

The case of Navarro v. Broney Auto. Repairs, Inc., 533 F.Supp.2d 1223 (S.D. Fla.) aff'd, 314 F.App'x 179 (11th Cir. 2008) is directly on point with the facts at bar. The *Navarro* Court found that a mechanic at a local auto repair shop was not an individual covered by FLSA where the facts were identical to those at bar:

> "Mr. Navarro was responsible for replacing and installing brakes, belts/hoses, water pump, alternators, starters, and other auto parts on foreign and domestic vehicles. A significant number of these auto parts were manufactured outside of Florida......the repair shop's owners—ordered the auto parts from local stores…"

*Id. at 1225.*

In the case at bar Mr. Santana's duties as a mechanic included installing parts purchased only from local shops (not online or from out of State). Mr. Santana's duties did not include using the credit card or fax machine, making calls to customers, using the internet, ordering parts, picking up parts, calling customers or using the phone for any purpose. (Statement of Facts, affidavit of Adrien). Accordingly, the *Navarro* Court found that Mr. Navarro had not "produced any evidence that he used the instrumentalities of interstate commerce in his work", but that "Mr. Navarro's duties are all intra state", such as picking up auto parts from local auto part dealers and then installing them in his customers' cars. *Id. at 1226.* In *Navarro* Plaintiff attempted to argue that the parts' interstate journey continued from out of state until the parts were installed in the actual customers' cars, and that he was therefore an individual engaged in interstate commerce. The *Navarro* Court however disagreed, noting that "the interstate journey stops when the parts reached

the local dealer. *Id. at 1226*. Citing to *Thorne,* the *Navarro* Court found that "a customer who purchases an item from a store is not engaged in commerce even if the store previously purchased the item from out-of-state wholesalers" *Id. at 1226*. "{W}hen goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intra state movement of the goods are not covered under the Act." *Id. citing to Thorne 448 F.3d at 1267*.

"Here, the parts were sent from the out of state wholesaler to various local dealers, not to Broney Automotive. They were stored by the local dealers until they were purchased by Broney Automotive or other customers. The parts stopped flowing in commerce when they were delivered and stored by the local dealers."
*Id. at 1227*.

Also instructive is <u>Guzman v. Irmadan, Inc</u>. 551 F. Sup.2d 1368 (S.D. Fla., April 29, 2008, Altonaga) the Court found that a cabinet installation person who picked up and delivered materials such as hinges, nails, screws and knobs purchased at retail Home Depots, which goods traveled in interstate commerce, but who did not use the instrumentalities of interstate commerce (such as telephones, fax machines or the internet in connection with his employment), to be only intra state activities, and Guzman "was not engaged in commerce." *at 1372*. The *Guzman* Court reasoned that the "goods ceased flowing in interstate commerce when they arrived at Florida retail locations for sale in the local market. Guzman, therefore, was not engaged in commerce when he retrieved the goods and used them in his employment, and he is not individually covered by the Act." *Id*. As well, it has been ruled that an employee who worked in a local restaurant as a cook who did not purchase the products, and did not use a fax, computer, or mail as part of work, nor use the cash register or process credit cards, was not "engaged in commerce." <u>Cabral v. Lakes Café</u>, 2010 U.S. Dist. Lexis 31326 p. 7 (S.D. Fla. 2010 McAliley). Additionally, an employee employed to do remodeling work who purchased remodeling supplies from Home Depot such as nails, screws and

5

lumber, (which traveled in interstate commerce) was "not enough to provide 'individual coverage' under the FLSA". <u>Casanova v. Morales</u>, 2007 U.S. Dist. LEXIS 96333 (S.D. Fla. Aug 2, 2007).

Based upon the undisputed material facts Plaintiff cannot raise a "substantial conflict in the evidence that his activities were inherently local." See, *Thorne , 448 F.3d at 1266.*

B. **<u>Enterprise Coverage:</u>**

Plaintiff possesses no facts to generate a genuine issue of material fact as to "enterprise" coverage. The annual volume of sales made at Defendants' business was less than $500,000.00 for each year Plaintiff worked for Defendants.

> "An employer falls under the enterprise coverage section of the FLSA if it 1) 'has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' **and** 2) has at least $500,000 of 'annual gross volume of sales made or business done.' "

<u>Polycarpe v. E & S Landscaping Serv.</u>, 616 F.3d 1217, 1220 (11th Cir. 2010) citing to 29 U.S.C. § 203(s)(1)(A).

Plaintiff must concede enterprise coverage. For the undisputed facts establish that for the years 2014, 2015 and 2016 the Defendants' gross income during that period was always less than $500,000.00. (Statement of Facts, affidavit of Defendant).[2] As stated by the Court in <u>Navarro v. Broney Auto. Repairs, Inc.</u>, 533 F.Supp.2d 1223, 1226 (S.D. Fla.) aff'd, 314 F.App'x 179 (11th Cir. 2008):

> "Mr. Navarro concedes that he cannot prove enterprise coverage because Broney Automotive's gross income during the relevant period is less than $500,000.00.......Given this

---

[2] The facts are uncontradicted as to the gross receipt of sales by Defendants. The yearly gross receipts for Adrien for the year: 2014 was $321,448.00; 2015 was $330,106.00; and 2016 was $332,298.00. The Gross receipts for 2017, through May, 2017 are $140,857.61. (Statement of Facts, Affidavit of Adrien).

admission Mr. Navarro cannot sue under the FLSA unless he can prove that he was individually engaged in commerce as part of his employment duties."

Also, as the Court stated in *Guzman:*

"The issue of enterprise coverage is easily decided. An employer is subject to enterprise coverage under the FLSA where it 'has employees engaged in commerce or in the production of goods for commerce…and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00.' 29 U.S.C section 203(s)." *Id. at 1370.*

No genuine issue of material fact can be raised as to the existence of enterprise coverage for purposes of allowing any overtime wage claim under the FLSA. For these reasons Defendants are entitled to Judgment as a matter of law against Santiago Alberto Santana.

Wherefore, Defendants Adrien Service Station, Inc. and Adrien Besson, respectfully request that this action be dismissed and/or summary judgment be granted as to Santiago Alberto Santana.

Respectfully Submitted,

Law Office of Joseph S. Shook, Esq.

BY: _____s/s_____

Joseph S. Shook, Esq., Attorney for Defendants

75 Valencia Ave., 4th Floor

Coral Gables FL, 33134

(305) 446-4177

Facsimile (305) 446-4565

Shooklaw@bellsouth.net

## Certificate of Service

I hereby certify that on ____ day of June, 2017 I electronically filed the forgoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record, or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

By:_____

Joseph S. Shook, Esq.

## Service List:

J.H. Zidell, P.A.

Mr. Rivkah F. Jaff, Esq. FBN: 107511

Rivkah.Jaff@gmail.com

And Mr. Neil Tobak, Esq.

Ntobak.zidellpa@gmail.com

Attorneys for Plaintiff

300-71st Street. Suite 605

Miami Beach FL, 33141

(305) 86506766

(305) 865-7167