UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-21979-CIV-MGC

OCNIEL OBED GARLOBO NAJARRO,            )
SANTIAGO ALBERTO SANTANA                )
CARVAJAL, and all others similarly situated )
under 29 U.S.C. 216(b),                 )
                                        )
                                        )
        Plaintiffs,                     )
                                        )
    vs.                                 )
                                        )
                                        )
ADRIEN SERVICE STATION, INC.,           )
ADRIEN BESSON,                          )
                                        )
                                        )
        Defendants.                     )
_____ )

**PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT/MOTION TO DISMISS [DE17 & 18] OR, IN THE ALTERNATIVE, TO STRIKE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT/MOTION TO DISMISS [DE17 & 18]AS PREMATURE**

**COME NOW** the Plaintiffs, by and through counsel, and hereby file the above-described Motion for Enlargement of Time and, in the alternative, Motion to Strike as Premature, and in support thereof state as follows:

1. On May 6, 2017, Plaintiff Najarro filed his initial Complaint [DE1] sounding under the Fair Labor Standards Act ("FLSA") for overtime wage violations under 29 U.S.C. 201-216.

2. Thereafter, on June 12, 2017, Plaintiffs filed their First Amended Complaint [DE8], adding Plaintiff Carvajal's claims to the instant lawsuit. Per [DE8, FN1], the First Amended Complaint was filed pursuant to Fed. R. Civ. P. 15(a)(1)(B). Per the rule, a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f),

whichever is earlier, if the pleading is one which requires a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Defendants had not filed a responsive pleading as of the date of filing the First Amended Complaint and, as such, Plaintiffs amended once as a matter of course.

3. Defendants filed their Answer and Affirmative Defenses and Counterclaims as to each Plaintiff. *See,* [DE15 & 16]. Plaintiffs have filed their respective Motion to Dismiss Counterclaim and to Strike/Dismiss Affirmative Defense of Setoff [DE21 & 22], which is not yet ripe and is currently pending before this Court.

4. On June 28, 017, Defendants filed their Motions for Summary Judgment/Motion to Dismiss as to each Plaintiff [DE17 & 18] and asked the Court to rule as a matter of law that there is no genuine issue of material fact that Plaintiffs have failed to establish individual or enterprise coverage and can be decided as a matter of law by this Court.[1]

5. To date, a Trial Order has not yet been issued and discovery has not yet commenced. *See also Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.,* 8:07-CV-2359T23TGW, 2008 WL 793660 (M.D. Fla. Mar. 24, 2008) (information related to gross sales is normally in the hands of the Defendant and not the hands of a lower level employee (i.e. Plaintiff)).

---

[1] Defendants attempt to rely on "yearly gross receipts of sales" for the years 2014-2017, yet fail to attach said receipts to their Motions and/or Statement of Material Facts and/or provide Plaintiffs' counsel with copies of same. Further, Defendants have failed to provide their tax returns, which Courts have been reluctant to rely on for dispositive issues such as whether Defendants' gross sales exceeded $500,000, for the relevant years and/or a copy of all documents used by Defendants' or their accountant(s) to prepare Defendants' tax returns (i.e. Form UTC-6, Form 941 Employer's Quarterly Federal Tax Returns, bank records, bank statements, cancelled checks, supplier contracts, etc.). *See, Jia Hu Qian v. Siew Foong Hui*, 2013 WL 3009389 (S.D.N.Y. June 14, 2013); *Turcios v. Delicias Hispanas Corp.,* 275 F. App'x 879, 882-83 (11th Cir. 2008). Plaintiffs have also not had any discovery, have not been provided with any supporting documents, and Plaintiffs have not had an opportunity to conduct an inspection of Defendants' premises under Rule 34 in relation to whether Plaintiffs are individuals covered under the FLSA. *See, Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1264-65 (11th Cir. 2006).

6. A party opposing summary judgment "should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997).

7. It is necessary for Plaintiffs to conduct discovery and complete their due diligence regarding FLSA coverage/subject-matter jurisdiction prior to being able to respond to Defendants' Motions for Summary Judgment/Motion to Dismiss [DE17 & 18] and Statement of Material Facts [DE19 & 20].[2] For example, Plaintiffs will need to depose Defendants, Defendants accountant(s) for the relevant years, conduct an inspection of Defendants' premises under Rule 34, review and analyze Defendants' responses to Plaintiffs' written discovery and the documents produced in response to same (i.e. tax returns, underlying documents, etc.), and other discovery that are directly relevant to how Plaintiffs will need to respond to the summary judgment motion filed as [DE17 & 18] and Statement of Material Facts [DE19 & 20] and other aspects of Plaintiffs' FLSA claims.

8. **Defendants, as per the attached email conferrals, do not oppose an extension of time for Plaintiffs to respond to Defendants' motions for summary judgment so that Plaintiffs may take discovery and adequately prepare their responses.**[3] *See,* Exhibit "A."

---

[2] Plaintiffs have not even had the opportunity to depose Ghislaine Philippe, including not having the opportunity to question him on that which is contained in his self-serving affidavit attached to Defendants' Statement of Material Facts.

[3] On 7/11/17, the undersigned served Defendants with Plaintiffs' initial discovery including Plaintiffs' First Request for Admissions, First Request for Production, Notice of Serving First Set of Interrogatories, and First Set of Interrogatories. Further, the undersigned has already sent draft notices of taking Defendants' depositions and Defendants' accountant(s) deposition(s) and

9. Therefore, Plaintiffs respectfully request the Court deny Defendants' Motions for Summary Judgment [DE17 & 18] and Statement of Material Facts [DE19 & 20] without prejudice to be re-filed after the close of discovery or Strike Defendants' Motions as premature. In the alternative, Plaintiffs respectfully request twenty-one (21) days after the close of discovery for Plaintiffs to respond to Defendants' Motions for Summary Judgment [DE17 & 18] and Statement of Material Facts [DE19 & 20]. Should the Court deny the instant Motion, Plaintiffs respectfully request the Court grant Plaintiffs twenty-one (21) days from the Court's Order to file their Response to [DE17-20].

## **MEMORANDUM OF LAW**

The Court should find the aforesaid constitutes good cause shown to justify the requested extension. The Court has discretion to grant enlargements, although the Court takes into consideration whether the request will impact the trial calendar and the reasons. *See, Sosa v. Airport Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Michael Grecco Photography, Inc.* A party opposing summary judgment "should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997).

"Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-

---

is conferring with Defendants on the date for same to occur, whether Defendants agree to Defendants' accountant(s) or to provide information so a subpoena can be timely issued.

moving party must "come forward with specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quoting Fed. R. Civ. P. 56(e)). Accepting this evidence as truthful, the Court must view the record and all factual inferences there from in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Anderson*, 477 U.S. at 251-52)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (citing First *Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288 (U.S. 1968)); *see also Anderson*, 477 U.S. at 247-48 ("the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact").

However, a party must first be afforded a period of time to engage in discovery in order to properly respond to a motion for summary judgment.

> Where there has not yet been any discovery, let alone an "adequate opportunity for discovery," summary judgment is simply not appropriate or warranted. As stated in *Blumel v. Mylander,* 919 F.Supp. 423, 428 (M.D.Fla.1996), Rule 56 "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Furthermore, the Eleventh Circuit has decisively determined that "summary judgment may only be decided upon an adequate record." *Snook v. Trust Co. of Ga. Bank,* 859 F.2d 865, 870 (11th Cir.1988).

The Eleventh Circuit expounded:

> [S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials

> submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally, summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.
>
> *Id.* at 870 (internal citations omitted); *see also Ramos v. Goodfellas Brooklyn's Finest Pizzeria, LLC,* No. 08–61240–CIV, 2008 WL 4613059, at *2 (S.D.Fla. Oct.15, 2008) (denying defendants' motion for summary judgment as premature in FLSA case where plaintiff was not provided adequate time to conduct discovery).

*Corbett v. Renegade Termite & Pest Control, Inc.,* 2010 WL 3447539 (M.D. Fla. Aug. 30, 2010).

As noted above, Plaintiffs have not had any time to conduct discovery, let alone adequate time to conduct discovery. Defendants' depositions have not yet been scheduled, Defendants have not responded to written discovery served on same, and Plaintiffs have not had the opportunity to conduct any financial depositions (i.e. depose Defendants' accountant(s), review financial documents relevant to the monetary threshold, etc.). Plaintiffs should be afforded adequate time to conduct discovery on matters raised in Defendants' Motions [DE17-20] prior to being required to file a substantive response to same.

**WHEREFORE** PLAINTIFFS RESPECTFULLY REQUEST THE COURT DENY DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [DE17 & 18] AND STATEMENT OF MATERIAL FACTS [DE19 & 20] WITHOUT PREJUDICE TO BE RE-FILED AFTER THE CLOSE OF DISCOVERY OR STRIKE DEFENDANTS' MOTIONS AS PREMATURE.  IN THE ALTERNATIVE, PLAINTIFFS RESPECTFULLY REQUEST TWENTY-ONE (21) DAYS AFTER THE CLOSE OF DISCOVERY FOR PLAINTIFFS TO

RESPOND TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [DE17 & 18] AND STATEMENT OF MATERIAL FACTS [DE19 & 20]. SHOULD THE COURT DENY THE INSTANT MOTION, PLAINTIFFS RESPECTFULLY REQUEST THE COURT GRANT PLAINTIFFS TWENTY-ONE (21) DAYS FROM THE COURT'S ORDER TO FILE THEIR RESPONSE TO [DE17-20].

### CERTIFICATE OF CONFERRAL

Defendants, as per the attached email conferrals, do not oppose an extension of time for Plaintiffs to respond to Defendants' motions for summary judgment so that Plaintiffs may take discovery and adequately prepare their responses. *See,* Exhibit "A."

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
    Rivkah F. Jaff, Esquire
    Florida Bar No.: 107511

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 7/11/16 TO:**

**JOSEPH S. SHOOK, ESQ.
LAW OFFICE OF JOSEPH S. SHOOK, ESQ.
75 VALENCIA AVE, 4TH FLOOR
CORAL GABLES, FL 33134
PH: (305) 446-4177
FAX: (305) 446-4565
EMAIL: SHOOKLAW@BELLSOUTH.NET**

**BY:_____/s/ Rivkah F. Jaff_____**

**RIVKAH F. JAFF, ESQ.**

Page **8** of **10**

**RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-21979-CIV-MGC

| | |
|---|---|
| OCNIEL OBED GARLOBO NAJARRO, SANTIAGO ALBERTO SANTANA CARVAJAL, and all others similarly situated under 29 U.S.C. 216(b), | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | )<br>) |
| ADRIEN SERVICE STATION, INC., ADRIEN BESSON, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

**ORDER GRANTING PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT/MOTION TO DISMISS [DE17 & 18] OR, IN THE ALTERNATIVE, TO STRIKE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT/MOTION TO DISMISS [DE17 & 18]AS PREMATURE**

This cause, having come before the Court on the above-described Motion, and the Court being duly advised in the premises, it is ORDERED, ADJUDGED, and DECREED that said Motion is granted and therefore:

1. DEFENDANTS' MOTIONS [DE17-20] ARE HEREBY DENIED WITHOUT PREJUDICE.

2. DEFENDANTS' MAY RE-FILE THEIR MOTIONS [DE17-20] AFTER THE CLOSE OF DISCOVERY.

DONE AND ORDERED in chambers in Miami-Dade, Florida, on this _____ day of _____, 2017.

_____
MARCIA G. COOKE
UNITED STATED DISTRICT JUDGE

Copies to: Counsel of Record