## UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA
Case no: 17-civ.-21979 MGC

OCNIEL OBED GARLOBO NAJARRO,
SANTIAGO ALBERTO SANTANA,
and all others similarly situated
under 29 USC 216(b).
Vs.
ADRIEN SERVICE STATION, INC.,
ADRIEN BESSON,
      Defendants.

_____/

### *Defendants' Response to Plaintiffs' Motion for Enlargement of Time to Respond to their Summary Judgment Motion/Motion to Strike Defendants' Motion for Summary Judgment with Incorporated Memorandum of Law:*

COME NOW, Defendants, Adrien Service Station, Inc. and Adrien Besson, by and through

the undersigned and respond to Plaintiffs' Motion for Enlargement of Time to Respond to their

Summary Judgment Motion/Motion to Strike Defendants' Motion for Summary Judgment:

### *Facts, Law and Analysis:*

To the extent that Plaintiffs argue that they should be given an opportunity to take discovery

prior to responding to Defendants' Motion for Summary Judgment Defendants agree.

To the extent that Plaintiffs argue that Defendants' motion for summary judgment is premature,

this is legally incorrect. According to Fed.R.Civ.P. 56 (b):

> "(b) **Time to File Motion**. Unless a different time is set by local rule or the court orders
> otherwise, a party may file a motion for summary judgment at any time until 30 days after the
> close of all discovery."

Further, in FLSA overtime cases there is law directly on point sanctioning the appropriateness of

hearing a motion for summary judgment at the initial pleading stage:

> "Where, as here, a factual attack on subject matter jurisdiction also implicates an
> element of the cause of action, a district court should 'find that jurisdiction exists and deal
> with the objection as a direct attack on the merits of the plaintiff's case' under the Rule 56
> summary Judgment standard. *See id.* Whether Mr. Navarro was sufficiently involved in

interstate commerce to be covered by the FLSA implicates the elements of Mr. Navarro's claim."

Navarro v. Broney Automotive Repairs, Inc., 533 F.Supp. 2d 1223 (S.D. Fla. 2008), citing to Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

The Court in *Navarro* converted the Motion to Dismiss FLSA overtime claim (involving a mechanic for a local shop which did not source products out of state and which had under $500,000.00 in gross receipts {as is the case at bar}) to one for summary judgment.

### *Time to Respond to Summary Judgment Motion*:

The primary reason that Defendants oppose that portion of Plaintiffs' motion which requests twenty-one (21) days to respond to their motion for summary judgment after discovery is closed is that the further in the future the Court decides the motion the further legal work and expense consequent to accomplishing the tasks pursuant to the Court's order that will be incurred by Defendants.  This is a great strain on Defendants' small business.   Defendants contend this work, much of which will not be relevant to the decision on the summary judgment motion, (but to trial preparation), could be obviated by a sooner rather than later decision on summary judgment. (Which will be dependent upon when Plaintiffs are required to respond).[1]  In the last two weeks Defendants have diligently arranged their schedule (as well as the undersigned's schedule) to accommodate the scheduling of four (4) of Plaintiffs' depositions within the next three-four weeks. (Defendants, Defendants' accountant and a cashier for Defendants).  As well, relevant discovery will be provided by Defendants by August 11, 2017. At that point it is the

---

[1] Defendants realize this argument presumes success. However, Defendants are confident of the facts relating to FLSA not covering their entity. (Where there is case law directly on point to favoring Summary Judgment in favor of Defendants).

opinion of the undersigned that Plaintiffs will have met their ultimate objective, obtaining the receipts showing Defendants' sales for the relevant years, and documents relating thereto.

For these reasons Defendants request that Plaintiffs be required to respond to their motion for summary judgment no later than October 2, 2017.

Wherefore, Defendants, Adrien Service Station, Inc. and Adrien Besson, respectfully request that Plaintiffs' Motion to strike Defendants' Motion for Summary Judgment be denied and Plaintiffs be given until October 1, 2017 to respond to their motion for summary judgment.

Respectfully Submitted,

*Law Office of Joseph S. Shook, Esq.*

BY: _____s/s_____

Joseph S. Shook, Esq., Attorney for Defendants

75 Valencia Ave.,

4th Floor

Coral Gables FL, 33134

(305) 446-4177

Facsimile (305) 446-4565

Shooklaw@bellsouth.net

### Certificate of Service

I hereby certify that on ___ day of July, 2017 I electronically filed the forgoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record, or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

By:_____

Joseph S. Shook, Esq.

### *Service List:*

J.H. Zidell, P.A.

Mr. Rivkah F. Jaff, Esq. FBN: 107511

Rivkah.Jaff@gmail.com

And Mr. Neil Tobak, Esq.

Ntobak.zidellpa@gmail.com

Attorneys for Plaintiff

300-71st Street, Suite 605

Miami Beach FL, 33141

(305) 86506766

(305) 865-7167